United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 12, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41200
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN RAY DILLARD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CR-232-1
---------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Kelvin Ray Dillard appeals his jury-trial convictions for possession of crack cocaine with intent to distribute and possession of cocaine with intent to distribute.

     Dillard argues that evidence was seized from his ex-girlfriend's apartment in violation of the Fourth Amendment.  We review for plain error only, because Dillard did not object to the magistrate judge's Report and Recommendation.  See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996) (en banc).  Because Dillard's brief fails to challenge the determination that he lacked standing, he has failed to demonstrate any error, plain or otherwise.  See also Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (issues not briefed are deemed abandoned).

Dillard next argues that the evidence was insufficient to support his convictions.  Based on the discovery of Dillard's fingerprints on glassware used to "cook" crack cocaine, the multiple items in the house that belonged to Dillard, the discovery of cocaine in plain sight, and the quantity involved, we conclude that a jury could have found that the evidence established his guilt beyond a reasonable doubt.  See United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000).

Finally, Dillard argues that the district court erred in allowing expert testimony and reports that were not disclosed until the morning of trial.  These chemical analysis reports, one of which was completed only shortly before trial, merely confirmed that the substances were cocaine and crack cocaine, and their belated disclosure was not prejudicial.  See United States v. Katz, 178 F.3d 368, 372 (5th Cir. 1999) (factors considered in evaluating discovery violations include why disclosure was not previously made and prejudice).  We conclude that the district court did not abuse its discretion.  See United States v. Solis, 299 F.3d 420, 442 (5th Cir. 2002), cert. denied 123 S. Ct. 640 (2002).

AFFIRMED.